IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MARSHALL P. GRAVES**                                                                                  **PLAINTIFF**

**v.**                                                                       **CIVIL NO. 1:19-cv-00697-HSO-JCG**

**ROBERT G. WHITACRE and**
**MARTIN HANKINS**                                                                                    **DEFENDANTS**

## REPORT AND RECOMMENDATION

This cause comes before the Court on the Motion to Dismiss [12] filed by Defendant, attorney Robert G. Whitacre, and the Motion for Judgment on the Pleadings [20] filed by Defendant Martin Hankins, Circuit Clerk of the Circuit Court of Lamar County, Mississippi. Plaintiff Marshall P. Graves, a postconviction inmate in the custody of the Mississippi Department of Corrections brought the instant case pro se and in forma pauperis using a form available to prisoners for filing complaints for violations of civil rights pursuant to 42 U.S.C. § 1983,

Graves has filed a Response [14] to Whitacre's Motion to Dismiss and Whitacre a Reply [16]. Graves filed a "Response to Reply" [19] without leave of Court that the undersigned has considered because Whitacre raised new argument in his Reply. Graves asked for additional time to respond to Hankins's Motion for Judgment on the Pleadings, which was granted. Several months have passed, and Graves has not filed a response to Hankins's Motion for Judgment on the Pleadings. Having considered the submissions of the parties, the record, and relevant law, the undersigned recommends that Defendants' Motions [12] [20] be GRANTED. Graves's claims are frivolous and fail to state a claim upon which relief may be granted.

## BACKGROUND

A. <u>Procedural history</u>

On February 11, 2014, a Lamar County, Mississippi, jury returned guilty verdicts against Graves on one count of sexual battery (Miss. Code Ann. § 97-5-95(1)(d)) and two counts of fondling (Miss. Code Ann. § 97-5-23(1)). *Graves v. State*, 216 So. 3d 1152 (Miss. 2016) (affirming Graves's convictions and sentences). Graves's victim was a 10-year-old girl. *Id.* at 1155; *see Graves v. Banks*, No. 2:17-cv-141-KS-RPM, 2020 WL 5821968 (S.D. Miss. Sept. 30, 2020) (dismissing Graves's 28 U.S.C. § 2254 petition for writ of habeas corpus). The evidence at trial consisted primarily of the victim's testimony, as well as testimony from individuals with whom the victim had spoken about her encounters with Graves. *Graves*, 2020 WL 5821968, at *1. Defendant Whitacre served as Graves's court-appointed defense counsel.

Graves was charged and sentenced under Mississippi's habitual offender statute, Miss. Code Ann. § 99-19-81. On March 7, 2014, the Circuit Court of Lamar County sentenced Graves to concurrent, fifteen-year sentences for the fondling convictions and a concurrent life sentence for the sexual battery conviction. *Graves,* 216 So. 3d at 1156. Graves appealed his convictions and sentences to the Mississippi Supreme Court, urging numerous arguments, including ineffective assistance of counsel by Whitacre. *Id.*

In April 2016, the Mississippi Supreme Court rejected Graves's arguments and affirmed his convictions and sentences. *Id.* Graves then pursued several claims with

2

the State court in an application for postconviction collateral relief and two subsequent amended applications, again pursuing claims that his court-appointed counsel Whitacre failed to provide competent and loyal assistance when representing him. *Graves,* 2020 WL 5821968, at *1. The Mississippi Supreme Court denied Graves's applications for postconviction collateral relief. *Id.*

In June 2016, Graves filed a civil complaint in the Circuit Court of Lamar County against Whitacre for legal malpractice. *Graves v. Hankins*, 294 So. 3d 1249, 1251 (Miss. Ct. App. 2020). The Circuit Court dismissed the complaint without prejudice for Graves's failure to obtain timely service of process. *Id.* at 1251.

In June 2017, Graves filed a new complaint for legal malpractice against Whitacre in the Circuit Court of Lamar County, *Graves v. Whitacre,* No. 37CI1:17-cv-00065-PH (Lamar Co. Cir. Ct. Mar. 26, 2019). The Circuit Court dismissed that complaint with prejudice based on the three-year statute of limitations governing legal malpractice claims contained in Mississippi Code Section 15-1-49. *See* Lamar Co. Cir. Ct. Order [14-4] at 1-7. Graves argued that his complaint was timely filed under the prison mailbox rule, but the Circuit Court held that the prison mailbox rule did not apply. *Id.* at 6-7. Graves appealed, and in June 2019, the Mississippi Supreme Court dismissed the appeal because Graves failed to pay the appeal costs and filing fee. *Graves,* 294 So. 3d at 1251 (citing *Graves v. Whitacre,* No. 2019-TS-00635 (Miss. June 25, 2019) (panel order), *mot. for reh'g denied* (Miss. Aug. 7, 2019) (panel order)*, successive mot. for reh'g denied* (Aug. 30, 2019) (single justice order)).

In August 2017, Graves filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in this Court. *See Graves v. Banks*, No. 2:17-cv-141-KS-RPM, 2020 WL 5821968 (S.D. Miss. Sept. 30, 2020). The Court dismissed Graves's habeas petition with prejudice, rejecting Graves's numerous claims of ineffective assistance of counsel. Graves's appealed the dismissal of his habeas case. The appeal is pending.

In May 2019, Graves sued Circuit Clerk Hankins by filing a Complaint in the Circuit Court of Lamar County. *Graves,* 294 So. 3d at 1251; *see Graves v. Hankins,* Lamar Co. Cir. Ct. No. 37CI1:19-cv-00053-AM (Lamar Co. Cir. Ct. May 7, 2019). Graves asserted that his second complaint against Whitacre was dismissed only because of Hankins's delay and negligence in filing and docketing the complaint. *Graves,* 294 So. 3d at 1251. The Circuit Court "examined the complaint sua sponte, found that it was 'frivolous,' and dismissed it with prejudice." *Id.* "Within ten days, Graves then filed an 'Objection' to the dismissal, which the circuit court treated as a motion for reconsideration." *Id.* The Circuit Court denied Graves's motion, finding that Hankins was entitled to the protections of sovereign immunity under the Mississippi Tort Claims Act (MTCA), § 11-46-9(1)(a). *Id.*

Graves appealed. *See Graves v. Hankins,* No. 2019-CP-00940-COA (Miss. Ct. App. Apr. 21, 2020) (panel order). The Court of Appeals of Mississippi affirmed, concluding that the Circuit Court correctly dismissed Graves's complaint against Hankins as barred by sovereign immunity. *Graves,* 294 So. 3d at 1251-52. The Court of Appeals also found that Graves was barred from asserting claims against Hankins because

4

Graves was an inmate at the time his claim arose. *Id.* at 1252. The Court of Appeals explained that under the MTCA, governmental entities and employees are immune from liability from any claim of any claimant who was an inmate at the time the claim arose. *Id.* at 1252 (citing Miss. Code Ann. § 11-46-9(1)(m)).

B. <u>Graves's claims in this suit</u>

In the instant Complaint, Graves alleges violation of his constitutional rights but also references State law. When asked to identify the "federal constitutional or statutory right(s)" Graves claimed were "being violated by state or local officials," Graves responded:

> Constitutional rights to Due Process; Equal Due Process Protection, Constitutional rights to a fair trial; constitutional right to counsel during a felony prosecution (effective assistance of counsel); A counsel that's competent, loyal, diligent, trustworthy, confident, skilled and informative. Graves' hereby asserts that Attorney Robert G. Whitacre did in facts and deeds violate his constitutional statutory rights under the color of law as provided and protected by the 5, 6, 8 & 14 amends, to the U.S. Constitution, also the laws and Constitution of Mississippi, Art. 3, §§ 14, 26 & 28 (1890), which constitutes legal malpractice.
>
> The Lamar County Circuit Clerk, Martin Hankins herein violated Graves' constitutional and statutory rights to due process by his dereliction of duties and therefore, effectively denied Graves' access to the courts by refusing to formally and timely "FILE" the plaintiff's lawsuit against Robert Whitacre, which violates 1, 5, 8 & 14 amends., to the U.S. Constitution and also the laws and Constitution of Mississippi, Art. 3, §§ 14, 26 & 28 (1890); also statute Miss. Code Ann. § 97-11-37 (failing, neglecting or refusing to perform duties), which is the foundation for this lawsuit.

Compl. [1] at 3-4 (all sic in original).

When asked to explain "how each defendant acted under color of federal law",

5

Graves responded.

> (1) Attorney Whitacre owed duties to uphold the laws, constitutions and integrity of his office and to act reasonable competence, diligent to the plaintiff; (2) Attorney Whitacre breached his duties to provide full effort to Graves' defense and a minimum standard of care; (3) Plaintiff suffered loss of his constitutional, procedural and statutory rights; (4) loss of his liberty due to Whitacre's negligence; (5) Attorney's negligence to provide the imposed standard of care guaranteed by the Sixth Amendment to the U.S. Const., and the Miss. Const. Art. 3, § 26 (1890), is the direct cause of Graves' loss of liberty and suffering . . . (6) Whitacre's negligence, incompetence and disloyalty is the proximate or legal cause of Graves' loss of liberty, . . . .

*Id.* at 4. (all sic in original)

Graves restates his allegations against Whitacre later in the Complaint, asserting that

> due to Attorney Whitacre's incompetence, negligence, disloyalty and bias behavior, [Graves] suffers the following: (a) loss of his fundamental constitutional rights to due process; (b) loss of equal due process protection; (c) loss of right to counsel (effective assistance of counsel); (d) loss of constitutional right to fair trial; (e) loss of liberty . . . .

*Id.* at 7.

## DISCUSSION

A. <u>Prison Litigation Reform Act</u>

The Prison Litigation Reform Act (PLRA) applies because Graves is proceeding in forma pauperis and was incarcerated when he filed this suit. See 28 U.S.C. § 1915(g). One of the PLRA's provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a

6

defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under [Title 28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* Graves's Complaint is subject to sua sponte dismissal under Section 1915.

The PLRA provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This rule is generally referred to as the "three strikes rule."

B. <u>Motions under Rule 12(b)(6) and (c)</u>

Motions for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure are subject to the same standard of review as motions to dismiss

7

under Rule 12(b)(6). *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). To survive a motion to dismiss under Rule 12(b)(6), the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010). "To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Likewise, "a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

Review under Rule 12(b)(6) and 12(c) is limited to the complaint, any documents attached to the complaint, and "any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Ironshore Eur. DAC v. Schiff Hardin, LLP*, 912 F.3d 759, 763 (5th Cir. 2019). The Court may also consider matters of public record, *Davis v. Bayless*, 70 F.3d 367, n. 3 (5th Cir. 1995), and any other matters of which it may take judicial notice. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011). If, on a motion under Rule 12, matters outside the pleadings

8

are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56, and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). However, the "district court has complete discretion to either accept or exclude the evidence." *Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2008).

C. Analysis

In reviewing Defendants' Motions, the undersigned has considered Graves's Complaint and taken judicial notice of orders from this Court, the Mississippi Supreme Court, the Mississippi Court of Appeals, and the Circuit Court of Lamar County. The Court need not convert Defendants' Motions to ones for summary judgment under Rule 56.

**1. Claims against Whitacre**

a. Effect of Graves's previous civil lawsuit against Whitacre

Graves's legal malpractice complaint against Whitacre in *Graves v. Whitacre,* No. 37CI1:17-cv-00065-PH (Lamar Co. Cir. Ct. Mar. 26, 2019) was dismissed with prejudice as barred by the statute of limitations. Graves appealed, and in June 2019, the Mississippi Supreme Court dismissed the appeal because Graves failed to pay the appeal costs and filing fee. *See Graves v. Whitacre,* No. 2019-TS-00635 (Miss. June 25, 2019) (panel order), *mot. for reh'g denied* (Miss. Aug. 7, 2019) (panel order)*, successive mot. for reh'g denied* (Aug. 30, 2019) (single justice order)). Graves's

motions for rehearing were denied in August 2019. Then, in October 2019, Graves filed this suit against Whitacre in federal court.

> i. *Rooker-Feldman*

Graves's claims against Whitacre should be dismissed for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine is a narrow jurisdictional bar that applies where a final judgment or decree has been rendered by the highest court of a State. *Ill. Cent. R. Co. v. Guy*, 682 F.3d 381, 390 (5th Cir. 2012). *Rooker-Feldman* bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). It precludes "collateral attacks on state court judgments." *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir.1994).

A state court judgment is attacked for purposes of *Rooker–Feldman* "when the [federal] claims are 'inextricably intertwined' with a challenged state court judgment," *Richard v. Hoechst Celanese Chem. Grp., Inc.*, 355 F.3d 345, 350 (5th Cir.2003), or where the losing party in a state court action seeks "what in substance would be appellate review of the state judgment." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06. The doctrine, however, does not preclude federal jurisdiction over an "independent claim," even "one that denies a legal conclusion that a state court has reached." *Weaver v. Tex. Capital Bank N.A.*, 660 F.3d 900, 904 (5th Cir.2011) (citing

10

*Exxon Mobil Corp.,* 544 U.S. at 293).

In his "Response to Reply" opposing Whitacre's Motion to Dismiss, Graves maintains that this is not a new lawsuit. He "respectfully submits that this is the same identical lawsuit that Graves has argued in the state courts. Just at a higher level." [19] at 4. Even if Graves did not pursue § 1983 claims in the state proceedings as he does now, federal plaintiffs may not avoid *Rooker–Feldman* by recasting their complaints as civil-rights actions. *See Hale v. Harney,* 786 F.2d 688, 691 (5th Cir.1986); *Liedtke*, 18 F.3d at 317. Graves cannot circumvent *Rooker-Feldman* "by asserting claims not raised in the state court proceedings or claims framed as original claims for relief." *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir.1994).

Under the *Rooker-Feldman* doctrine, this Court lacks subject matter jurisdiction to consider Graves's claims against Whitacre, and therefore Graves's fails to state a claim on which relief may be granted against Whitacre. *See Fulton v. State of Texas*, No. 2:05-CV-265 (N.D. Tex. Nov. 15, 2005) (dismissed under *Rooker-Feldman* for failure to state a claim); appeal dismissed as frivolous, No. 05-11383, 217 F. App'x 371 (5th Cir. 2007)).

### ii. Res judicata

Even if *Rooker-Feldman* did not apply, Graves's claims against Whitacre are defeated by the preclusive effect of the state court judgment in *Graves v. Whitacre,* No. 37CI1:17-cv-00065-PH (Lamar Co. Cir. Ct. Mar. 26, 2019), *aff'd,* No. 2019-TS-00635 (Miss. June 25, 2019) (panel order), *mot. for reh'g denied* (Miss. Aug. 7, 2019)

11

(panel order), *successive mot. for reh'g denied* (Aug. 30, 2019) (single justice order)).

Federal courts are required to "give the same preclusive effect to a state-court judgment as another court of that State would give." *Exxon Mobil*, 544 U.S. at 293 (quoting *Parson Steel, Inc. v. First Ala. Bank*, 474 U.S. 518, 523 (1986)). Therefore, the Court applies the res judicata doctrine of Mississippi courts. Mississippi courts require four identities to be present for res judicata to apply: "(1) identity of the subject matter of the action; (2) identity of the cause of action; (3) identity of the parties to the cause of action; and (4) identity of the quality or character of a person against whom the claim is made." *EMC Mortg. Corp. v. Carmichael*, 17 So.3d 1087, 1090 (Miss. 2009) (quoting *Harrison v. Chandler-Sampson Ins. Inc.*, 891 So.2d 224, 232 (Miss. 2005)). In addition, "a fifth requirement is that the prior judgment must be a final judgment that was adjudicated on the merits." *Id.* (citing *Anderson v. LaVere*, 895 So.2d 828, 833 (Miss. 2004)).

"Res judicata bars a second action between the same parties on the same subject matter directly involved in the prior action." *EMC Mortg.*, 17 So.3d at 1090 (quoting *Harrison*, 891 So.2d at 232) (internal quotations omitted). "[W]here res judicata lies it bars litigation in the second action of all grounds for, or defenses to, recovery that were available to the parties regardless of whether they were asserted or determined in the prior proceeding." *Johnson v. Howell*, 592 So. 2d 998 (Miss. 1991) (quotations omitted). The Fifth Circuit has held that § 1983 claims can be brought in state court. *Sims v. City of Madisonville*, 894 F.3d 632 (5th Cir. 2018). "Federal jurisdiction over

12

section 1983 is concurrent, not exclusive." *Home Builders Ass'n of Miss. v. City of Madison*, 143 F.3d 1006, 1013 (5th Cir. 1998).

Res judicata bars Graves from relitigating claims that he raised or could have raised against Whitacre in *Graves v. Whitacre,* No. 37CI1:17-cv-00065-PH (Lamar Co. Cir. Ct. Mar. 26, 2019), *aff'd,* No. 2019-TS-00635 (Miss. June 25, 2019) (panel order), *mot. for reh'g denied* (Miss. Aug. 7, 2019) (panel order)*, successive mot. for reh'g denied* (Aug. 30, 2019) (single justice order)). "[I]n forma pauperis complaints may be dismissed as frivolous if they seek to relitigate claims that allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the plaintiff." *Pittman v. Moore*, 980 F.2d 994, 994 (5th Cir.1993).

    b. <u>Defenses to § 1983 Claims</u>

42 U.S.C. § 1983 provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." Graves's § 1983 claims against Whitacre are indisputably meritless because they are time-barred, Whitacre is not a state actor, and Graves's claims against Whitacre are barred by the rule of *Heck v. Humphrey*, 512 U.S. 477 (1994).

    i. <u>Statute of limitations</u>

Graves's § 1983 claims accrued more than three years prior to Graves filing the present action and are time-barred. 42 U.S.C. § 1983 provides no specified federal

13

statute of limitations. For claims made pursuant to this civil rights statute, the limitations period is governed by the law of the state in which the action is filed. *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir.1998); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir.1993); *Rodriguez v. Holmes*, 963 F.2d 799, 803 (5th Cir.1992).

To determine the applicable statute of limitations, "federal courts borrow the forum state's general or residual personal injury limitations period." *Rodriguez*, 963 F.2d at 803. For cases brought in Mississippi, the three-year statute of limitations of Miss. Code Ann. § 15-1-49 applies. *See James v. Sadler*, 909 F.2d 834, 836 (5th Cir. 1990) (holding Mississippi's three-year general personal injury limitations period applicable to § 1983 cases). While Mississippi law governs the applicable limitations period, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). An action accrues when a plaintiff has "a complete and present cause of action." *Id.*

Because Mississippi has a three-year statute of limitations for personal injury claims, Graves had three years to file suit from the date his claim accrued. The events giving rise to his claims arose during his criminal trial in February 2014. Compl. [1] at 5. Graves filed this lawsuit in October 2019, over five years later. Graves's § 1983 claims against Whitacre are clearly time-barred, without arguable merit, and properly dismissed as frivolous. *See, e.g., Ramon v. Rodriguez-Mendoza*, 372 F. App'x 494, 495 (5th Cir. 2010) (finding prisoner case barred by statute of limitations without arguable merit and frivolous); *Bates v. Price*, 368 F. App'x 594, 595 (5th Cir. 2010)

14

(same).

### ii. Whitacre is not a state actor

Graves cannot recover from Whitacre under 42 U.S.C. § 1983 because Whitacre did not act under color of state law when representing Graves in his criminal case. An ineffective assistance of counsel claim is not cognizable in a § 1983 lawsuit because neither appointed nor retained counsel acts under color of state law in representing a defendant in a criminal case. *See Polk County v. Dodson*, 454 U.S. 312, 324 (1981) (public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal case); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 678 (5th Cir.1988) (court appointed counsel are not official state actors). The § 1983 claims asserted by Graves against Whitacre fail to state a claim.

### iii. The rule of *Heck v. Humphrey*, 512 U.S. 477 (1994)

Graves's § 1983 claims against Whitacre are an improper attempt to collaterally attack Graves's state court criminal convictions and are barred under the rule of *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court

15

> must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 486–87.

The essence of Graves's Complaint is that he was wrongly convicted because of Whitacre's alleged faults in representing him during trial. It is apparent that a favorable judgment for Graves on his § 1983 claims would necessarily imply the invalidity of Graves's convictions and sentences. Graves's claims arising from Whitacre's performance at trial are barred by *Heck* because success on any of those claims would necessarily imply the invalidity of Graves's convictions and sentences. Because Graves cannot show that his convictions have already been overturned or invalidated through proper channels, his present civil rights claims against Whitacre are barred by *Heck* and frivolous. "A § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).

### 2. **Claims against Hankins**

#### a. Res Judicata

About two months after the Circuit Court dismissed Graves's legal malpractice suit against Whitacre in March 2019, Graves sued Hankins, the Circuit Clerk. *See Graves v. Hankins,* Lamar Co. Cir. Ct. No. 37CI1:19-cv-00053-AM (Lamar Co. Cir. Ct. May 7, 2019). The Circuit Court dismissed Graves's complaint against Hankins

16

in May 2019, and the Court of Appeals affirmed the Circuit Court's judgment in May 2020. *See Graves v. Hankins,* No. 2019-CP-00940-COA (Miss. Ct. App. Apr. 21, 2020) (panel order). While the appeal was pending, Graves filed this federal suit in October 2019.

The *Rooker-Feldman* doctrine does not apply to Graves's claims against Hankins because an appeal of the Circuit Court's decision in *Graves v. Hankins,* Lamar Co. Cir. Ct. No. 37CI1:19-cv-00053-AM (Lamar Co. Cir. Ct. May 7, 2019) was pending when Graves filed this federal action. "*Rooker-Feldman* does not apply if, as here, a state-court appeal is pending when the federal suit is filed." *Parker v. Lyons*, 757 F.3d 701, 705–06 (7th Cir. 2014); *see Gross v. Dannatt*, 736 F. App'x 493, 494 (5th Cir. 2018) (citing *Parker's* holding favorably).

Preclusion law, however, defeats Graves's claims against Hankins. For purposes of res judicata, a judgment is final even though pending on appeal. *Smith v. Malouf,* 597 So. 2d 1299, 1301 (Miss. 1992). Res judicata bars Graves from relitigating claims that he raised or could have raised against Hankins in *Graves v. Whitacre,* Lamar Co. Cir. Ct. No. 37:17-cv-0065-PH. Graves's claims against Hankins are frivolous because Graves "seek[s] to relitigate claims that allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the plaintiff." *Pittman,* 980 F.2d at 994.

    b. <u>Defenses to § 1983 Claims</u>

Graves's § 1983 claims against Hankins are indisputably meritless because

17

Hankins is entitled to quasi-judicial immunity, and Graves's access to courts claim is barred by the rule of *Heck v. Humphrey*, 512 U.S. 477 (1994).

### i. Quasi-judicial immunity

Graves's § 1983 claims against Hankins arise from actions taken while Hankins was performing appropriate official functions integral to the judicial process, and Hankins is therefore entitled to quasi-judicial immunity. "[C]lerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks integral to the judicial process." *Evans v. Suter*, 260 F. App'x 726, 727 (5th Cir. 2007); *see Mylett v. Mullican*, 992 F.2d 1347, 1352 n. 36 (5th Cir.1993) (citation omitted). "[T]he filing of complaints and other documents is an integral part of the judicial process and [the clerk] would be protected by judicial immunity from damages for civil rights violations committed in connection with the performance of such tasks." *Smith v. Erickson*, 884 F.2d 1108, 1111 (8th Cir. 1989); *see Burnett v. Denman*, 368 F. App'x 603, 604 (5th Cir. 2010) (affirming *sua sponte* dismissal as frivolousness of prisoner's claim against court clerk); *Blakely v. City of Laurel*, No. 2:14-cv-82-HSO-JCG, 2015 WL 13091648, at *2 (S.D. Miss. Sept. 17, 2015), aff'd, 644 F. App'x 319 (5th Cir. 2016) (granting motion to dismiss with prejudice claims against court clerk on grounds of quasi-immunity); *Horton v. Taylor*, No. 5:15-CV-27-DCB-MTP, 2015 WL 6829155, at *2 (S.D. Miss. Nov. 6, 2015) (dismissing claims against court clerk with prejudice for failure to state a claim); *Johnson v. Craft*, 673 F.Supp. 191, 193 (S.D. Miss. 1987) (dismissing claim against court clerk for failure to state a claim);

18

*Hanner v. U.S. Gov't,* 660 F. Supp. 77, 78 (S.D. Miss. 1986) (finding claim against court clerk frivolous due to quasi-judicial immunity).

### ii. The rule of *Heck v. Humphrey,* 512 U.S. 477 (1994)

Graves's access to courts claim is legally frivolous because it is barred under the rule of *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Hamilton,* 74 F.3d at 102. A prisoner cannot prevail on an access-to-courts claim without proving an actual injury. *Jones v. Judge of 129th, Harris Cty. Dist. Court,* 113 F. App'x 603, 604 (5th Cir. 2004). To prove an actual injury, Graves would have to show that his ability to pursue a nonfrivolous legal claim was hindered. *Lockamy v. Dunbar,* 399 F. App'x 953, 955 (5th Cir. 2010) (citing *Lewis v. Casey*, 518 U.S. 343, 351–52 (1996)). If the Court were to find that a nonfrivolous claim against Whitacre was hindered, that finding would necessarily imply the invalidity of Graves's convictions and sentences. Graves's access to courts claim is not cognizable because Graves's convictions and sentences have not been cast into doubt. *Heck,* 512 U.S. at 486–87.

## RECOMMENDATION

Whitacre's Motion to Dismiss [12] and Hankins's Motion for Judgment on the Pleadings [20] should be granted. Graves's claims are frivolous and fail to state a claim upon which relief may be granted. Dismissal will count as a "strike" under the "three strikes rule" in accordance with the PLRA. *See* 28 U.S.C. § 1915(g).

## NOTICE OF RIGHT TO APPEAL/OBJECT

In accordance with Local Uniform Civil Rule 72(a)(3) and 28 U.S.C. §636(b)(1),

any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the proposed findings and recommendations. The District Judge at that time may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge may also receive further evidence or recommit the matter to the Magistrate Judge with instructions.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this Report and Recommendation within fourteen days after being served with a copy shall bar that party, except under grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996), *superseded by statute on other grounds,* 28 U.S.C. §636(b)(1). An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections.

**SIGNED,** this the 15th day of January, 2021.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE