IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **MARSHALL P. GRAVES** | § | **PLAINTIFF** |
| | § | |
| v. | § | Civil No. 1:19-cv-697-HSO-JCG |
| | § | |
| **ROBERT G. WHITACRE and** | § | **DEFENDANTS** |
| **MARTIN HANKINS** | § | |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [24] AND DISMISSING CASE

BEFORE THE COURT is United States Magistrate Judge John C. Gargiulo's Report and Recommendation [24], which recommends this civil action be dismissed. R. & R. [24] at 1. After due consideration of the Report and Recommendation [24], the record, and relevant legal authority, the Court finds that the Magistrate Judge's Report and Recommendation [24] should be adopted as the finding of this Court, and that Plaintiff Marshall P. Graves's claims should be dismissed.

### I.   BACKGROUND

A.   Factual background

On October 11, 2019, pro se Plaintiff Marshall P. Graves ("Plaintiff" or "Graves") filed a Complaint [1] against Defendants Robert G. Whitacre ("Whitacre") and Martin Hankins ("Hankins"), alleging claims pursuant to 42 U.S.C. § 1983. Compl. [1] at 3-8. Graves alleges that his rights were "violated by state or local

officials," and that "due to Attorney Whitacre's incompetence, negligence, disloyalty and bias behavior," he suffered serious deprivation of his constitutional rights. *Id.* at 4. Graves further alleges that Hankins, the Lamar County Circuit Court Clerk, violated his constitutional rights because Hankins' negligence in filing and docketing his complaint resulted in it being dismissed. *Id.*

B.   Procedural history

After Graves filed his Complaint [1], the Magistrate Judge entered an Order [7] granting Graves's Motion [2] to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Order [7] (filed under seal). Whitacre filed a Motion [12] to Dismiss under Federal Rule of Civil Procedure 12(b)(6) on grounds that Graves's suit is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), that Whitacre was not a state actor when he represented Graves in his criminal case, and that Graves's claims are meritless. Mot. [12] at 2. Graves filed a Response to Reply [19], contending that this is not a new lawsuit and that he "respectfully submits that this is the same identical lawsuit that Graves has argued in the state courts. Just at a higher level." Resp. to Reply [19] at 4.

Hankins has filed a Motion [20] for Judgment on the Pleadings, contending that Graves failed to set out any valid claims because "the relief he seeks is precluded" by the *Rooker-Feldman* doctrine and on the basis of res judicata. *See* Mot. [20]. Hankins further avers that he is entitled to immunity and that Graves

2

"has failed to establish a violation of his constitutional right of access to the court." *Id.* at 19.   Graves did not respond to Hankins's Motion [20].

On January 15, 2021, United States Magistrate Judge John C. Gargiulo entered a Report and Recommendation [24] recommending that Whitacre's Motion [12] to Dismiss be granted because Graves failed to state a claim upon which relief may be granted.  *See* R. & R. [24] at 9-16; Mot. [12].   The Magistrate Judge also recommended that Hankins's Motion [20] for Judgment on the Pleadings be granted, and concluded that the case was also subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) on grounds that Graves's allegations were factually frivolous.  *See id.* at 16-19.   Graves has not filed an objection to the Report and Recommendation [24], and the time for doing so has passed.  *See id.* at 20.

## II.   DISCUSSION

Where a party has filed objections to a magistrate judge's report and recommendation, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."   28 U.S.C. § 636(b)(1); *see also Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (party filing written objections is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made").

However, where no party has objected to a magistrate judge's report and recommendation, the Court need not conduct a de novo review of it.   28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those

3

portions of the report or specified proposed findings or recommendations to which objection is made."). In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Having conducted the required review, the Court concludes that the Report and Recommendation [24] is neither clearly erroneous nor contrary to law. The Court will adopt the Magistrate Judge's Report and Recommendation [24] as the opinion of this Court and will grant Whitacre's Motion [12] to Dismiss under Rule 12(b)(6) because Graves has failed to state a claim upon which relief may be granted. The Court will also grant Hankins's Motion [20] for Judgment on the Pleadings on grounds that Graves's claims should be dismissed as factually frivolous pursuant to 28 U.S.C. § 1915. As such, Graves's Complaint [1] should be dismissed.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendation [24] of United States Magistrate Judge John C. Gargiulo entered in this case on January 15, 2021, is **ADOPTED** in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendant Robert G. Whitacre's Motion [12] to Dismiss is **GRANTED**, and Defendant Martin Hankins's Motion [20] for Judgment on the Pleadings is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, this civil action is **DISMISSED**. A separate judgment will be entered in accordance with this Order as required by Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 5th day of February, 2021.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE